UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cr-20325-Williams/McAliley

UNITED STATES OF AMERICA,

v.

TY'REE DIXON,

    **Defendant.**
_____/

**FACTUAL PROFFER**

    Defendant, Ty'ree Dixon ("Defendant"), his counsel, and the United States of America agree that, had this case proceeded to trial, the United States would have proven the following facts beyond a reasonable doubt:

    On or about May 17, 2021, law enforcement executed a search warrant at an apartment the Defendant shared with his girlfriend, in Miami, Florida. That search warrant allowed for the seizure of any cell phones on the Defendant's person during the execution of the warrant. That day, while law enforcement was on the premises, they observed the Defendant pull into the parking garage of the apartment complex. The Defendant exited his car and walked towards the apartment building, at which point he was approached by law enforcement. At the time, the Defendant was not wearing a shirt, and had a dark colored sweatshirt in his hand wrapped around an object. Law enforcement asked the Defendant to put his hands up. The Defendant then took a few steps backwards and ran from law enforcement back towards his car. At that point, law enforcement could see what appeared to be the bottom of a pistol magazine in the Defendant's hand wrapped in a sweatshirt. As the Defendant was running away from law enforcement, he lost his footing, fell, and landed on the floor near his vehicle. Then the Defendant threw the firearm that had been in his hands underneath the vehicle. The Defendant was taken into custody, and law enforcement located the Defendant's firearm underneath his car. More specifically, law enforcement recovered:

(1) the Defendant's Glock 20 pistol with serial number BMTF986; (2) 4 rounds of JAG 10MM ammunition; and (3) 23 rounds of PMC 10MM ammunition.

Around the same time, law enforcement executed the search warrant of the apartment. During the search, law enforcement recovered:

1. A black Century Arms International AK Pistol with serial number M92PV030351, loaded with a high capacity banana clip and 7.62x39 ammunition. This firearm was located in the kitchen. Century Arms International firearms are manufactured outside the state of Florida

2. A black AR Pistol with serial number DB1901930, manufactured by Diamondback Firearms. The pistol was loaded with a PMAG 50 round drug magazine containing a currently unknown type/quantity of ammunition. This firearm was located in the kitchen.

3. A black Glock 40 Caliber Pistol, bearing serial number GGK436, loaded with thirteen rounds of Blazer .40 caliber ammunition. This firearm was located in the Defendant's bedroom. Glock firearms and Blazer ammunition are manufactured outside of the state of Florida.

4. A black Glock 19 pistol bearing serial number AAAG820, loaded with seven rounds of Blazer 9mm ammunition. This firearm was located in the Defendant's bedroom. This firearm had a machine gun "switch" installed, which allows the pistol to fire in fully automatic mode. This qualifies the firearm as a machine gun, which has been confirmed by test firing by the ATF.

5. A green "Ghost" pistol with a fully automatic "switch" installed. This firearm has some parts that are P80 brand, but the lower receiver has no serial number. This firearm was located in the Defendant's bedroom. The "switch" installed on this pistol allows the pistol to fire in fully automatic mode. This qualifies the firearm as a machine gun, which has been confirmed by test firing by the ATF.

6. A green AR style "ghost" pistol. This firearm was located in the Defendant's bedroom, and does not have a serial number stamped on the firearm.

7. The following ammunition (all of which was manufactured outside of Florida, and the majority of which was found in the Defendant's bedroom): (1) four loose rounds of .223 Wolf Ammunition; (2) two loose rounds of R-P 9mm ammunition; (3) one box of 45 caliber Lawman Speer ammunition containing 39 rounds; (4) one box of Blazer 40SW ammunition containing three Blazer 40 caliber rounds, one CBC 40 caliber round, and two SIG 40 caliber rounds; (5) one box of Federal Premium 45 caliber ammunition containing 34 rounds; (6) seventeen rounds of Fiocchi 7.62x39 ammunition; (7) forty rounds of Tulammo 7.62x39 ammunition; (8) one round of Hornaty 40 caliber ammunition; and (9) eight high capacity drum magazines.

On May 17, 2021, the Defendant was read his *Miranda* rights, which he waived both verbally and in writing. He then agreed to speak with law enforcement. During the interview, the

2

Defendant admitted to possessing the gun that was recovered beneath his car, and the firearms and ammunition located in the apartment. The Defendant also mentioned that he is a convicted felon. Regarding the "switches" that allow the firearms to fire in fully automatic mode, the Defendant explained that he had a guy who he would pay to install them, and then he would re-sell the firearms to others for an additional cost. The Defendant knew that the "switches" allowed the guns to fire in automatic mode as machineguns. He did not have a permit or other legal permission to possess machineguns.

As he acknowledged in his interview, on the date of his arrest the Defendant was a convicted felon, and he knew he was a convicted felon. The Defendant has prior State of Florida felony convictions for carrying a concealed firearm, possession of a firearm by a convicted felon or delinquent, and fleeing and eluding a police officer. The Defendant has not had his right to possess firearms restored by the State of Florida, nor has he been granted clemency.

The Parties agree that the above facts, which do not include all the facts known to the Government and the Defendant, are sufficient to prove the guilt of the Defendant in the above-referenced matter.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: 10/14/21      By: _____
                         FREDERIC C. SHADLEY
                         ASSISTANT UNITED STATES ATTORNEY

Date: 10/14/21      By: _____
                         AFPD JOAQUIN PADILLA, ESQ.
                         COUNSEL FOR DEFENDANT

Date: 10-14-21      By: _____
                         TYREE DIXON
                         DEFENDANT

3