UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cr-20325-Williams/McAliley

UNITED STATES OF AMERICA,

v.

TY'REE DIXON,

    Defendant.

_____/

### PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Ty'ree Dixon (hereinafter referred to as the "Defendant") enter into the following agreement:

1. The Defendant agrees to plead guilty to Counts 2 and 4, of the Indictment. Count 2 charges the Defendant with the possession of firearms and ammunition by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1). Count 4 charges the Defendant with the illegal possession of a machinegun, in violation of Title 18, United States Code, Section 922(o)(1).

2. This Office agrees to seek dismissal of the remaining counts of the Indictment at sentencing.

3. The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the

Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

4.  The Defendant also understands and acknowledges that, as to Count 2, the Court may impose a statutory maximum term of imprisonment of up to ten years, followed by a term of supervised release of up to three years. As to Count 4, the Court may impose a statutory maximum term of imprisonment of up to ten years, followed by a term of supervised release of up to three years. In addition to a term of imprisonment and supervised release, for each Count the Court may impose a fine of up to $250,000.

5.  The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 per Count will be imposed on the Defendant. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the Defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

6. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. Acknowledging that the parties' recommendations as to sentencing are not binding on the probation office or the Court:

   a. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility.

   b. This Office agrees that, if at the time of sentencing the Defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.

This Office, however, will not be required to make these recommendations if the Defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the

3

circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The Defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, this Office, or a recommendation made jointly by the Defendant and this Office.

9. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any firearm and ammunition involved in or used in the commission of such offenses, pursuant to Title 18, United States Code, Section 924(d)(1). In addition, the defendant agrees to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p). The property subject to forfeiture includes, but is not limited to, directly forfeitable property, including, but not limited to:

    a. One Glock 20, 10mm semi-automatic pistol with SN BMTF986;

    b. One Black Century Arms International AK Pistol, SN M92PV030351;

    c. Approximately 27 rounds of 10mm ammunition;

    d. On black AR Pistol, S/N DB1901930;

    e. One Glock 23, .40 caliber semi-automatic pistol SN GGK436;

    f. One Glock 19, 9mm semi-automatic pistol SN AAAG820;

    g. One Green "Ghost" pistol with fully automatic switch installed (some P80 parts on the firearm, but no serial number on the lower receiver);

    h. One Green AR Style "Ghost" pistol (no serial number);

    i. Approximately four rounds of Wolf .223 ammunition;

    j. Approximately two rounds of R-9mm ammunition;

    k. Approximately 39 rounds of Speer Lawman .45 caliber ammunition;

    l. Approximately 16 rounds of Blazer .40 caliber ammunition;

    m. Approximately one round of CBC .40 caliber ammunition;

    n. Approximately two rounds of SIG .40 caliber ammunition;

    o. Approximately 34 rounds of Federal Premium .45 caliber ammunition;

    p. Approximately 17 rounds of Fiocchi 7.62x39 ammunition;

    q. Approximately 40 rounds of Tulammo 7.62x39 ammunition; and

    r. Approximately one round of Hornaty .40 caliber ammunition.

10. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

11. The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offenses of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

12. This is the entire agreement and understanding between this Office and the Defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: 10/14/21     By: _____
                        FREDERIC C. SHADLEY
                        ASSISTANT UNITED STATES ATTORNEY

Date: 10/14/21     By: _____
                        AFPD JOAQUIN PADILLA, ESQ.
                        ATTORNEY FOR DEFENDANT

Date: 10-14-21     By: _____
                        TY'REE DIXON
                        DEFENDANT